UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>MICHAEL COLEMAN,<br>    *Defendant.* | )<br>)<br>)<br>)   1:15-cr-00064-JMS-DML-1<br>)<br>)<br>) |

## ORDER

Presently pending before the Court is Defendant Michael Coleman's Motion to Reconsider and Motion to Recuse. [Filing No. 46.] For the following reasons, the Court denies Mr. Coleman's motion.

### I.
### BACKGROUND

Mr. Coleman has been indicted with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). [Filing No. 21.] On October 9, 2015, the Court denied Mr. Coleman's Motion to Suppress, which requested that the Court suppress evidence recovered and statements made after what he contends was an illegal search and seizure in violation of his Fourth Amendment rights. [*See* Filing No. 17; Filing No. 43.] Mr. Coleman now seeks reconsideration of the Court's October 9, 2015 Order, and also requests that the undersigned recuse herself from this matter because the undersigned presided over an unrelated state court criminal case involving Mr. Coleman over ten years ago. [Filing No. 46.]

The Court notes at the outset that Mr. Coleman filed the pending motion *pro se* on November 3, 2015, six days after his counsel filed a Motion to Withdraw Attorney Appearance in which

counsel cited a breakdown in the attorney-client relationship. [Filing No. 44; Filing No. 46.] While the Motion to Withdraw Attorney Appearance was not granted until two days after Mr. Coleman filed the pending motion, so that Mr. Coleman was technically still represented by counsel when he filed the pending motion *pro se*, the Court finds that consideration of the motion is appropriate given the Magistrate Judge's granting of the Motion to Withdraw Attorney Appearance only two days later. Additionally, the Court prefers to deal with Mr. Coleman's motion on the merits, rather than denying it based on a technicality.[1]

## II.
### MOTION TO RECUSE

The Court will first consider Mr. Coleman's Motion to Recuse.

**A. Standard of Review**

28 U.S.C. § 455(a) provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The purpose of the statute "is to preserve the appearance of impartiality." *Weddington v. Zatecky*, 721 F.3d 456, 461 (7th Cir. 2013). 28 U.S.C. § 455(b)(1) requires a judge to recuse herself if she has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Recusal is required under § 455(a) "whenever there is a reasonable basis for a finding of an appearance of partiality under the facts and circumstances of the case." *In re United States*, 572 F.3d 301, 308 (7th Cir. 2009) (quotation omitted). However, "needless recusals exact a significant toll; judges therefore should exercise care in determining whether recusal is necessary, especially when proceedings already are underway. A change of umpire mid-context may require a great deal of work to be redone…and facilitate judge-shopping." *Id.* (quotation omitted).

---

[1] New counsel for Mr. Coleman entered an appearance on November 16, 2015. [Filing No. 49.]

### B. Discussion

In his motion, Mr. Coleman argues:

> Next is, that I don't feel that you gave me a fair and impartial decision because of prior encounters you & I had when you were the judge in Marion Superior Court "6" Cause # 49G06-0104-PC-090127. Due to this encounter which is mentioned in your decision, I don't feel & or believe that I can get a fair trial with you. So I am asking that you recuse yourself & honor my furthered request for change of judge. Being that in your decision you based part of your reason that you believed Officer Foley & your having been the judge who sentenced me in the above mentioned Marion Co. Cause I feel that your decision is biased & I won't be able to receive a fair trial.

[Filing No. 46 at 2.]

The sole basis for Mr. Coleman's request for recusal is that the undersigned presided over an unrelated criminal case against him several years ago, when the undersigned was a Marion Superior Court judge. It is well-settled that this coincidence is not enough to require recusal. *See, e.g.*, *Del Vecchio v. Illinois Dep't of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (in holding that it was proper for judge to preside over murder trial against defendant where judge had a small role in prosecuting that same defendant in an earlier murder trial, court stated "[c]ertainly, he had less personal stake than a judge who presides over a case against a person he had sentenced in an earlier case – a common occurrence in our judicial system which does not prompt due process concerns"); *United States v. Dichiarinte*, 445 F.2d 126, 132 (7th Cir. 1971) ("The fact that the judge might have formed an opinion concerning the guilt or innocence of the defendant from the evidence presented at an earlier trial involving the same person is not the kind of bias or prejudice which requires disqualification"). The Court **DENIES** Mr. Coleman's motion for the undersigned to recuse herself from this case.

## III.
### MOTION TO RECONSIDER

#### A. Standard of Review

A motion for reconsideration does not technically exist under the Federal Rules of Civil Procedure. *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). A district court, however, has the inherent power to reconsider any of its orders at any time before final judgment. *See Peterson v. Linder*, 765 F.2d 698, 704 (7th Cir. 1985) (citing *Diaz v. Indian Head, Inc.*, 686 F.2d 558, 562 (7th Cir. 1982)). Further authority for such authority is found in Fed. R. Civ. 54(b), which provides that "any order or other decision…that adjudicates fewer than all the claims…may be revised at any time before the entry of judgment…."

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation and quotation marks omitted). "Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." *Id.* (citation, quotation marks, and emphasis omitted); *see Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) ("[A] motion for reconsideration is an improper vehicle to introduce evidence previously available or to tender new legal theories"). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

#### B. Discussion

Mr. Coleman raises one argument in support of his request for reconsideration: that his counsel did not argue that he was never arrested for, nor charged with, failure to identify himself,

nor was he ever cited for walking down the middle of the street. [Filing No. 46 at 1.] This argument does not fall within the parameters of a motion for reconsideration, because Mr. Coleman has not shown that there is newly discovered evidence, or that the Court's October 9, 2015 Order contains a manifest error of law or fact.

In any event, Mr. Coleman's argument is without merit. Whether Mr. Coleman was arrested or charged with failure to identify, or cited with walking down the middle of the street, is irrelevant to the issue of whether the search and seizure were justified. As the Court discussed in its October 9, 2015 Order, Officer Foley's stop of Mr. Coleman was proper under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), because Officer Foley had reasonable suspicion to believe that Mr. Coleman was violating Indiana law by walking in the middle of the street. This justified the *Terry* stop that ultimately led to the search and seizure, and its justification is based on the totality of the circumstances known to the police at the time of the stop, not on whether Mr. Coleman was ultimately issued a citation for walking in the middle of the street or arrested for failure to identify. The lawful stop for violating Indiana Code by walking in the middle of the street entitled Officer Foley to detain Mr. Coleman to obtain his identification. *See State v. Harris*, 702 N.E.2d 722, 726 (Ind. App. 1998). When Mr. Coleman provided fictitious dates of birth to Officer Foley, Officer Foley had probable cause to arrest Mr. Coleman for failure to identify. This probable cause – and not the actual arrest for failure to identify, or a subsequent charge for failure to identify – provided the basis for the search and seizure that uncovered the evidence Mr. Coleman sought to suppress. Mr. Coleman's argument that the failure to cite him with walking down the middle of the street, or to arrest him for or charge him with failure to identify, somehow makes the search and seizure improper fails. Because the Court finds no error with its October 9, 2015 Order, it **DENIES** Mr. Coleman's motion to reconsider.

## IV.
### CONCLUSION

For the foregoing reasons, Mr. Coleman's Motion to Reconsider and Motion to Recuse, [Filing No. 46], is **DENIED**.

Due to a Court scheduling conflict, Mr. Coleman's December 4, 2015 Final Pretrial Conference is **VACATED**, and is re-scheduled for **December 7, 2015 at 10:00 a.m.** in Room # 307, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana.  Mr. Coleman's Jury Trial remains scheduled for **December 14, 2015 at 9:00 a.m.**

Date: November 23, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**