UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00914-JMS-DML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Michael Coleman ("Coleman"). For the reasons explained in this Order, the motion is **denied** and dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. Section 2255 Motion Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79

(7th Cir. 2013) (citing *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States,* 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual and Procedural Background

On February 23, 2015, a police officer stopped Coleman for walking in the middle of a residential street in Indianapolis. *See United States v. Coleman*, 676 Fed. App'x. 590 (7th Cir. 2017). Coleman gave the officer a phony name, and after this lie was discovered, another officer searched him and found a handgun in his pocket. *Id.* Coleman was arrested under an Indiana statute criminalizing the refusal to provide identification, Ind. Code § 34-28-5-3.5.

Coleman was charged in this Court in a three-count Superseding Indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1); one count of possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c) (Count 3). *United States v. Coleman*, No. 1:15-cr-00064-JMS-DML-1 (S.D. Ind.) (hereinafter "Crim. Dkt."), Dkt. 21.

On May 26, 2015, Coleman filed a motion to suppress the evidence obtained during his arrest. Crim. Dkt. 17. On September 24, 2015, the Court held an evidentiary hearing on Coleman's motion to suppress. Crim. Dkt. 42. The two officers present during the arrest and Coleman testified. *Id.* The Seventh Circuit summarized the testimony at the evidentiary hearing as follows:

> At the evidentiary hearing on that motion, Coleman and the two police officers testified. The first officer saw the 41-year-old Coleman in a residential area walking in the street instead of using one of the sidewalks running along either side. The officer asked for identification, prompting Coleman to say that he possessed an Indiana identification card but did not have it with him. He gave a name, "DeWayne Coleman," and, in quick succession, three dates of birth: September 34, 1973; September 31, 1930; and, finally, September 30, 1973. The last of these was at least plausible, but the officer's mobile, online search of Bureau of Motor Vehicles records turned up neither a driver's license nor an identification card. After first confirming with Coleman the spelling of the name and date of birth he had given,

2

> the officer placed him in handcuffs. The second police officer then asked Coleman if he had a weapon, and when he said yes, the officer found and removed a handgun from his pants pocket. At this point only five to ten minutes had elapsed since the encounter began. For his part, Coleman testified that he had been walking in the street to avoid snow on the sidewalks. But the district court, relying on the first officer's testimony and street photos taken the next day, found that the sidewalks had been clear of snow. In his Rule 51(b) response, Coleman does not dispute this finding.

*Coleman*, 676 Fed. App'x. at 591-92.

The Court took Coleman's motion under advisement and then on October 9, 2015, the Court denied Coleman's motion to suppress. Crim. Dkt. 43. Coleman filed a motion for reconsideration that was denied. Crim. Dkt. 46 and 51.

On October 28, 2015, Coleman's attorney filed a motion to withdraw and new counsel was assigned to represent Coleman. Crim. Dkt. 44 and 49.

On December 8, 2015, Coleman entered into a petition to enter a plea of guilty and plea agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B). Crim. Dkt. 60 and 61. Coleman agreed to plead guilty to Count 1 of the Superseding Indictment and the government agreed to dismiss Counts 2 and 3. Crim. Dkt. 61. The parties agreed that the Court would use its discretion to fashion a sentence. *Id*. at 2-3. Coleman waived the right to appeal the conviction and sentence imposed except for the right to appeal the order denying his motion to suppress. *Id*. at 4. Coleman further waived the right to any collateral attacks on his conviction or sentence except for claims of ineffective assistance of counsel. *Id.* The parties also agreed to the factual basis for the plea. *Id.* at 5.

On December 9, 2015, Coleman appeared before the Court and pleaded guilty to Count 1 of the Indictment. Crim. Dkt. 66. The Court accepted his plea. On May 23, 2016, the Court sentenced Coleman to 100 months' imprisonment to be followed by three years' supervised release. Crim. Dkt. 85.

In keeping with the terms of the plea agreement, Coleman only appealed the denial of his motion to suppress. On February 13, 2017, the Seventh Circuit held that "the police gained probable cause to arrest Coleman for refusing to provide identification, and, as soon as he was in handcuffs, the gun was found in his pants pocket. It would have been frivolous to argue that the gun should have been suppressed." *See Coleman*, 676 Fed. App'x at 592.

On March 20, 2018, Coleman filed the pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. 1.

### III. Discussion

Coleman seeks relief pursuant to § 2255 arguing that his first trial counsel provided ineffective assistance of counsel during the suppression hearing by: (1) failing to address the arresting officer's inconsistent statements; and (2) refusing to subpoena the ride-along witness and the control operator (who had information about his identity) to provide testimony during the hearing. Dkt. 1; dkt. 2.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances whether counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, a petitioner must establish that "there is a

4

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In addition, in attacking trial counsel's performance, a defendant "must 'overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Frentz v. Brown,* 876 F.3d 285, 293 (7th Cir. 2017) (quoting *Strickland,* 466 U.S. at 689).

The Supreme Court in *Kimmelman* held that "[a]lthough a meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment claim like [Coleman's], a good Fourth Amendment claim alone will not earn a prisoner federal habeas relief. Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial without the challenged evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

Coleman's ineffective assistance of counsel claim essentially challenge the propriety of the officers' search, but any challenges to the search are foreclosed by the law of the case. *See Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) ("In the context of § 2255 petitions, the law of the case doctrine dictates that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.") (internal citations and quotations omitted).

In Coleman's case, the Seventh Circuit held that "challenging the search would be frivolous. … In this case, the police gained probable cause to arrest Coleman for refusing to provide identification, and, as soon as he was in handcuffs, the gun was found in his pants pocket. It would be frivolous to argue that the gun should have been suppressed." *Coleman*, 676 Fed. Appx. at 592. The Seventh Circuit further noted that "[t]he district court's uncontested finding

5

that Coleman could have used the sidewalk renders frivolous any conceivable appellate claim."
*Id.*

Nor are Coleman's efforts here sufficient to establish a meritorious Fourth Amendment issue. For example, Coleman argues that the arresting officer provided inconsistent statements about why he initially stopped Coleman as he walked down the street. But those inconsistent statements about the initial decision to stop are irrelevant to Coleman's refusal to provide identification, which provided the police with the necessary probable cause to arrest him. Coleman further suggests that witnesses would have testified that he did not provide false identification information. Yet Coleman admits that he provided an alias (not his name) to the officer, dkt. 2 at 9, and never disputed that he provided a false name or birthdate at the suppression hearing when he provided testimony, in the factual basis of his plea agreement, or on direct appeal.

In short, because Coleman is unable to present a meritorious Fourth Amendment issue, his first trial counsel could not have provided ineffective assistance of counsel with respect to the suppression hearing. *See Kimmelman*, 477 U.S. at 382. Coleman therefore cannot obtain habeas relief on this ground.

### IV. Conclusion

For the reasons explained in this Order, Coleman is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:15-cr-00064-JMS-DML-1.** The motion to vacate (Crim. Dkt. 99) shall also be **terminated** in the underlying criminal action.

## V. Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Coleman has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/22/2019

*[Signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL COLEMAN
12703-028
FEDERAL CORRECTIONAL INSTITUE- GILMER
P.O. Box 6000
Glenville, WV 26351

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov