UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-64-JMS-DML-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MICHAEL COLEMAN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:15-cr-00064-JMS-DML |
| MICHAEL COLEMAN, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

On August 19, 2020, defendant Michael Coleman, an inmate at the Federal Correctional Institution – Gilmer, filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mr. Coleman argues that his underlying medical conditions – diabetes, primary hypertension, various cardiovascular issues, and obesity – put him at high risk of severe illness from COVID-19 and this is an extraordinary and compelling reason justifying early release. Mr. Coleman filed an amended motion by counsel on November 4, 2020. In response, the government does not contest that Mr. Coleman is at risk for severe illness if he contracts COVID-19, but argues that his early release would pose a danger to the community. For the reasons explained below, the motion for compassionate release is **DENIED**.

**I.
BACKGROUND**

On May 23, 2016, Coleman pleaded guilty to being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). Dkt. 85. The Court imposed a sentence of 100 months' imprisonment. *Id*. Mr. Coleman's projected release date with good conduct time is September 8, 2022.

A. *Mr. Coleman's Conviction*

.     On February 23, 2015, at approximately 4:40 p.m., an officer with the Indianapolis Metropolitan Police Department was in the vicinity of Gray and North Streets when he observed Mr. Coleman walking northbound in the middle of Gray Street. Dkt. 62, ¶ 11. Based on the information given by Mr. Coleman, the officer was unable to confirm his identity and placed him under arrest. *Id.* A chambered and loaded handgun with 12 rounds of ammunition was recovered from Mr. Coleman's front left waistband. *Id.* Law enforcement also located two baggies of marijuana with a gross weight of 50.27 grams in Coleman's front pants pocket and a scale in his front jacket pocket. *Id.*

B. *Mr. Coleman's Criminal History*

Mr. Coleman has four previous misdemeanor convictions for Disorderly Conduct, two convictions for Resisting Law Enforcement, two Battery convictions, and convictions for Intimidation, Criminal Trespass, Public Intoxication, Driving While Suspended, and Criminal Mischief. *See* Dkt. 79, ¶ 30-46. His felony convictions include Possession of Cocaine, Resisting Law Enforcement, Aggravated Battery, and Intimidation. Dkt. 79 at ¶¶ 30-46. Coleman was also under a criminal justice sentence when he committed the offense of conviction. *Id*. at ¶ 48.

Two of Mr. Coleman's previous convictions were particularly serious.

First, on December 31, 2000, at approximately 11:30 p.m., Mr. Coleman broke into a home, displayed two handguns, and began shooting at random. Dkt. 79 ¶ 43. He pointed a handgun at one of the occupants and told him to get on the floor. *Id.* When that person tried to run away, Mr. Coleman shot him in the back and continued to chase him even has he got in a van to drive away. Mr. Coleman was convicted of Aggravated Battery. *Id.*

In addition, on August 12, 2013, Mr. Coleman was arrested for disorderly conduct. *Id.* ¶ 46. While waiting for the transport van, Mr. Coleman threatened to kill the officers who arrested him, as well as their families. *Id.*

C. *Disciplinary History*

Mr. Coleman also has a serious disciplinary history in prison. While incarcerated for his Aggravated Battery conviction, Mr. Coleman was disciplined forty times. He was sanctioned nine times for Threatening/Communicating with Another, eight times for Refusing to Obey an Order, five times for Insolence, five times for Vulgarity or Profanity, Disorderly Conduct; four times for Unauthorized Possession of Property; three times for Violating Facility Rule; twice for Fleeing or Physically Resisting Staff; twice for Habitual Conduct Rule Violator; twice for Use/Possession more than 1 Cigarette/Loose Tobacco; and for Possession/Introduction/Use of Unauthorized Substance; Engaging in Trafficking; Engaging in Group Demonstration; Unauthorized/Possession/Destruction/ Alter State Property; Using Abusive or Obscene Language; and Fighting. *Id.* ¶ 43. Bureau of Prisons records indicate that Mr. Coleman has been disciplined on seven occasions. The incidents include fighting with another person, threatening bodily harm, four incidents of insolence toward a staff member, and refusing to obey an order. Dkt. 111-2.

## II.
## LEGAL STANDARD

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First

Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with

5

this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . )." It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, __ F. 3d __, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction

be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

## III.
## DISCUSSION

Mr. Coleman suffers from diabetes, diabetic neuropathy, hypertension, and obesity. The Centers for Disease Control and Prevention has found that diabetes and obesity are conditions that put a person at increased risk for severe illness if he contracts COVID-19.[1] In addition, hypertension is a condition that might put a person at increased risk.[2] The United States does not challenge Mr. Coleman's argument that he has presented extraordinary and compelling reasons supporting his request for compassionate release.

---

[1] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 23, 2020).
[2] *Id.*

The United States argues, however, that Mr. Coleman poses a danger to the community under 18 U.S.C. § 3142(g) and that consideration of the sentencing factors in 18 U.S.C. § 3553(a) compel a conclusion that his motion for compassionate release must be denied.

A. *Danger to the Community*

Even though Mr. Coleman has presented extraordinary and compelling reasons warranting a sentence reduction, the Court must deny his motion because he presents a danger to the community. The Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) is the provision outlining the factors the Court must consider in determining whether a defendant should be detained pending trial. Section 3142(g) provides:

> **(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including--
> > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

First, since Mr. Coleman's offense involves a firearm and a controlled substance, section 3142(g)(1) requires the Court to presume that the offense presents a danger to the community.

The second factor in section 3142(g) involves the strength of the evidence in the case. Mr. Coleman pleaded guilty. Mr. Coleman appealed, but his counsel moved to withdraw on the ground that the appeal was frivolous pursuant to *Anders v. California*, 386 U.S. 738 (1967). Finally, his motion for relief pursuant to 28 U.S.C. § 2255 was denied. Dkt. 104.

The third and fourth factors involve the history and characteristics of the defendant and the nature and seriousness of the danger his release would pose to the community. As discussed above, Mr. Coleman's criminal history is significant, including serious convictions for Aggravated Battery and felony Intimidation. He also has an extensive disciplinary record while in prison.

After a consideration of Mr. Coleman's personal characteristics, the Court is not convinced that he is no longer a danger to the community. There is still a need for Mr. Coleman to serve a sentence that protects the community from further crimes and deters others from similar conduct.

B. *Section 3553(a) Factors*

The Court further finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Coleman compassionate release.

The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6)

the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Coleman's motion.

Here, Mr. Coleman has served approximately five years of a sentence of just over eight years. Mr. Coleman has a very significant and serious criminal history. The Court finds that reducing his sentence to time served would not serve the purpose of reflecting the seriousness of his offense and deterring future criminal conduct.

In sum, given its consideration of the applicable § 3553(a) factors, the Court concludes that the risk to Mr. Coleman from the COVID-19 pandemic is not enough to tip the scale in favor of release. *See United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### IV.
### CONCLUSION

For the reasons set forth above, Mr. Coleman's motion for compassionate release and his amended motion, dkt. [105], and dkt. [109], are **DENIED**.

**SO ORDERED**.

Date: 11/25/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

10

Distribution:

All Electronically Registered Counsel